# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN

**HERBERT G. WARDEN**                                                                                                           **PETITIONER**

**v.**                          **CIVIL ACTION NO. 1:13-CV-102-M**

**UNITED STATES OF AMERICA**                        **RESPONDENT**

## MEMORANDUM OPINION

Before the Court is the petition for writ of error coram nobis filed by Petitioner, Herbert G. Warden. For the following reasons, the Court finds that Petitioner is not entitled to the writ.

## I.

In Petitioner's criminal case in this Court, *United States v. Warden*, 1:08-CR-22-R, Petitioner pleaded guilty pursuant to a plea agreement to one count of conspiracy to possess with intent to distribute oxycodone. He was sentenced to 48 months in prison. Petitioner filed a 28 U.S.C. § 2255 motion. This Court dismissed his § 2255 motion and denied a certificate of appealability (COA). He filed a notice of appeal. The Sixth Circuit denied his application for COA.

In his petition, Petitioner argues that he was coerced into entering a plea of guilty. He complains that he made his attorney know that he expected the return of money seized from him, but asserts that he was tricked by his own lawyer to sign a paper that said his money and a 60-inch screen television were abandoned property. Petitioner states that on the day of his plea hearing his attorney advised him that he could not withdraw his plea and told him "that I should not tell if any questions about my alhzeimers or dementia or other health issues." He asks for expungement of all of the records and/or any other favorable decision.

In his § 2255 motion, Petitioner argued that his guilty plea was not knowingly and voluntarily made because he was not competent due to his Alzheimer's diagnosis and dementia. In support, among other things, he offered a treatment note from the Bureau of Prisons Health Services dated October 21, 2010. He offers the same note in support of his petition for writ of error coram nobis, along with several other exhibits he also attached to his § 2255 motion.

The magistrate judge, in his findings of fact and conclusions of law concerning Petitioner's § 2255 motion, considered the plea colloquy. The magistrate judge determined that "Warden's bare assertions about being incompetent at the time he entered his plea are rebutted by his own statements made under oath in response to probing questions by the Court during the change of plea hearing . . . ." The magistrate judge further found that "the treatment note of October 21, 2010 . . . is discounted because it does not set forth an opinion regarding Warden's mental capacity on the day he entered his guilty plea, January 21, 2009." The magistrate judge found that Petitioner had entered a valid guilty plea and recommended that the United States's motion to dismiss the § 2255 motion on that ground be granted. The district court adopted the findings of facts and conclusions of law.

## II.

"The writ of error coram nobis is used to vacate a federal sentence or conviction when a § 2255 motion is unavailable – generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief." *Blanton v. United States*, 94 F.3d 227, 231 (6th Cir. 1996). This Court's power to issue a writ of error coram nobis stems from the All Writs Act, 28 U.S.C. § 1651. *Id.* Essentially, coram nobis is "'a remedy of last resort for petitioners who are no longer in custody pursuant to a criminal conviction.'" *United*

*States v. Mandanici*, 205 F.3d 519, 524 (2d Cir. 2000) (citation omitted).[1] Coram nobis, however, "is an extraordinary writ," *Pilla v. United States*, 668 F.3d 368, 372 (6th Cir. 2012), and relief "'is strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid.'" *Mandanici*, 205 F.3d at 524 (quoting *Foont v. United States*, 93 F.3d 76, 78 (2d Cir. 1996)). In reviewing a petition for the writ, this Court presumes "the proceedings were correct, and the burden of showing otherwise rests on the petitioner." *Id.*

To obtain coram nobis relief, a petitioner must demonstrate: a factual error; unknown at the time of trial; of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known. *Pilla*, 668 F.3d at 372 (citing *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001)); *see also Blanton*, 94 F.3d at 231. However, coram nobis is not available to renew claims previously rejected in a 28 U.S.C. § 2255 proceeding. *Willis v. United States*, 654 F.2d 23, 24 (8th Cir. 1981) (per curiam). "'[C]oram nobis relief is not available to litigate issues already litigated; it is reserved for claims which have yet to receive their first disposition.'" *Barrow v. United States*, 455 F. App'x 631, 636 (6th Cir. 2012) (quoting *Klein v. United States*, 880 F.2d 250, 254 n.1 (10th Cir. 1989)).

---

[1] Petitioner is no longer incarcerated.

Petitioner previously made his current arguments related to his guilty plea in his § 2255 motion. Therefore, the Court finds that Petitioner is not entitled to the extraordinary coram nobis relief requested. His petition will be dismissed by separate Order.

Date: February 7, 2014

                                               **Joseph H. McKinley, Jr., Chief Judge**
                                               **United States District Court**

cc:     Petitioner, *pro se*
        U.S. Attorney
4414.009